## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROMILY, INC.<br>     **Plaintiff,**<br><br>     v.<br><br>STATE NATIONAL INSURANCE<br>COMPANY, INC.,<br>     **Defendant.** | CIVIL ACTION NO. 08-0340 |

## MEMORANDUM AND ORDER

**Katz, S.J.**                                                           **February 8, 2008**

Before the court are "Defendant State National Insurance Company, Inc.'s Motion to Transfer Venue" (Document No. 3), and Plaintiff's response thereto (Document No. 7).  For the following reasons, Defendant's motion is granted.

## I.  Background

Plaintiff is a Pennsylvania corporation, with its principal place of business in Leighton, Pennsylvania.  (Def.'s Mot., Document No. 3, Ex. 1 ¶1.)  Plaintiff alleges that although Defendant is incorporated in Texas, it is licensed to issue policies of insurance in the Commonwealth of Pennsylvania, and regularly conducts business in the City and County of Philadelphia.  (Def.'s Mot. ¶ 4; Ex. 1 ¶ 2.)  Plaintiff alleges that Defendant failed and refused to pay a claim for benefits owed under Plaintiff's insurance policy with Defendant.  (Def.'s Mot. Ex. 1 ¶¶ 5-

7.)  Plaintiff asserts a claim for breach of contract (Def.'s Mot. Ex. 1 ¶ 10), as well as a claim for bad faith under 42 Pa.C.S.A. § 8371 (Def.'s Mot. Ex. 1 ¶¶ 12-4).

Plaintiff originally filed this case in the Court of Common Pleas of Philadelphia County on or about October 10, 2007.  (Def.'s Mot. ¶1.)  Defendant filed a Notice of Removal on November 8, 2007 in the Middle District of Pennsylvania ("Middle District").  (Def.'s Mot. ¶ 8.)  However, on December 14, 2007, Plaintiff filed a motion to transfer this matter to the Eastern District of Pennsylvania ("Eastern District").  (Def.'s Mot. ¶ 14).  On January 16, 2008, the Honorable A. Richard Caputo granted Plaintiff's motion, transferring this matter to the Eastern District, as the action was originally commenced in the Philadelphia Court of Common Pleas, and could only have been removed to the Eastern District.  (Order, *Bromily, Inc. v. State Nat'l Ins. Co., Inc.*, No. 07-2039, M.D.Pa. January 16, 2008.)

Defendant has filed a motion to transfer this action, claiming that venue should be laid in the Middle District, rather than in the Eastern District.

## II.  Legal Standard

§ 1391(a) governs venue in a civil action where jurisdiction is founded solely on diversity of citizenship.  *See* 28 U.S.C. § 1391(a).  Under § 1391(a), a suit can be filed in a judicial district (1) where any defendant resides, if all

2

defendants reside in the same State; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *Id.*

Venue disputes are governed by either 28 U.S.C. § 1404(a) or by 28 U.S.C. § 1406(a). § 1406(a) only applies where the original venue is improper. Under § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If venue is improper, the district court has limited discretion; it can either dismiss the case or transfer it to a district in which it could have originally been brought. *Id.* However, it must do one or the other. *Id.*

In contrast, § 1404(a) provides for transfer when both the original and requested venues are proper, yet "the convenience of parties and witnesses" and "the interest of justice" favor the requested venue over the original one. 28 U.S.C. § 1404(a). Although it is within the discretion of the district courts to decide a motion to transfer under § 1404(a) "based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." *Lomanno v. Black*, 285 F.Supp.2d 637, 643 (E.D.Pa. 2003) (internal

citations omitted).

Under either § 1404(a) or § 1406(a), the burden is on the moving party to establish that the transfer is warranted.  *See Connors v. R & S Parts Servs., Inc.*, 248 F.Supp.2d 394, 396 (E.D.Pa. 2003) (holding that "the burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-5 (3d Cir. 1982) (holding that "the defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss" under § 1406).

## III.  Discussion

The Eastern District is a proper venue for Plaintiff's claims.  However, this court will exercise its discretion and transfer this case to the Middle District under § 1404(a).

### A.    The Eastern District is a Proper Venue for Plaintiff's Claims Under § 1391(a).

Venue is proper in the Eastern District as Defendant resides therein, even though a substantial part of the events or omissions giving rise to the claim did not occur in this district.

Venue lies in a judicial district where any defendant resides, if all defendants reside in the same state.  *See* 28 U.S.C. § 1391(a)(1).  Under § 1391(c),

4

a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Defendant would be subject to personal jurisdiction in this district if this court has either general or specific personal jurisdiction over Defendant. As this court has general personal jurisdiction of Defendant, it need not decide if specific jurisdiction exists as well.

General personal jurisdiction may exist independent of the cause of action or injury at issue. 42 Pa.C.S.A. § 5301(b). A court is said to exercise general personal jurisdiction when "the plaintiff's claim does not arise out of the defendant's contacts with the forum." *Imo Indus. v. Kiekert AG*, 155 F.3d 254, 259 n.2 (3d Cir. 1998). In Pennsylvania, general personal jurisdiction may be asserted over a corporation when (1) it is incorporated in Pennsylvania; (2) it qualifies as a foreign corporation in Pennsylvania; (3) by consent; or (4) it carries on "a continuous and systematic part of its general business" in Pennsylvania. 42 Pa.C.S.A. § 5301(a)(2).

Here, Defendant is incorporated in Texas. (Def.'s Mot. ¶ 4.) However, Defendant does not dispute that it is licensed to issue policies of insurance throughout the Commonwealth of Pennsylvania. (Def.'s Mot. Ex. 1 ¶ 1.) Nor does Defendant dispute that it regularly conducts business in the City and County

of Philadelphia.  (Def.'s Mot. Ex. 1 ¶ 1.)  Therefore, this Court finds that Defendant carries on a continuous and systematic part of its general business in this district, and is subject to general personal jurisdiction therein.  Hence, Defendant resides in the Eastern District, and venue for this case is properly laid therein as well.[1]

As venue is proper in the Eastern District, Defendant has failed to establish that transfer is warranted under § 1406(a).  *See Myers*, 695 F.2d at 724-5.  Therefore, this court will not transfer this case under § 1406(a).

### B.     This Court Will Transfer Plaintiff's Claims Under § 1404(a).

Although Defendant did not establish that venue in the Eastern District is improper, transfer of Plaintiff's claims to the Middle District is still warranted under § 1404(a).

In accordance with § 1404(a), the court is required to conduct a balancing test and weigh a number of factors in deciding whether "the interests of justice [would] be better served by a transfer to a different forum."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted).  However,

---

[1]Defendant argues that venue is improper because "proper service as required by Rule 4 of the Federal Rules of Civil Procedure was never effected."  However, venue may be proper, although service is not.  Thus, the two are separate inquiries, and as this court will transfer this case to the Middle District under 28 U.S.C. § 1404(a), it declines to make any findings regarding service in this case.

that alternate forum must be one in which the action could have been brought, i.e. in which venue is proper.

As a preliminary inquiry, venue in the Middle District would be proper for this case.  As explained *supra*, Defendant is subject to general personal jurisdiction throughout Pennsylvania.  *See, supra*, Part III.A.  Thus, like the Eastern District, Defendant is deemed to reside in the Middle District as well. Therefore, venue is proper under § 1391(a)(1).

Moreover, Plaintiff's principal place of business is in the Borough of Leighton, Pennsylvania which is located in Carbon County, a part of the Middle District.  Plaintiff does not dispute that the Middle District is the situs of contract. The relevant insured premises that gave rise to this claim are also located in the Middle District.  (Def.'s Mot. Ex. 1 ¶¶ 3, 5.)  Hence, a substantial part of the events giving rise to this claim occurred in the Middle District.  Therefore, under § 1391(a)(2), venue would be proper in the Middle District as well.

In comparing two district in which venue is proper, courts have not limited their consideration to the three enumerated factors in § 1404(a), namely convenience of the parties, convenience of witnesses, and in the interests of justice.  *Id.*  Courts have considered a wide range of "private and public interests protected by the language of § 1404(a)."  *Id.*

The private interests include (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the same could not be produced in the alternative forum. *Id.* (internal citations omitted).

Courts have also considered public interests, such as (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-880 (internal citations omitted).

Here, the sole factor weighing against the transfer of this action is Plaintiff's expressed preference for the Eastern District. This court acknowledges the great deference this preference should be accorded. *Jumara*, 55 F.3d at 880. However, the centrality of Lehighton, Pennsylvania underlines the desirability of transferring this action to the Middle District of Pennsylvania. Plaintiff's principal place of

business is located there, along with its books and records.  It is the situs of

contract, as well as where this claim arose.  Furthermore, it is clearly Defendant's

preference to litigate in the Middle District.  Finally, there is a local interest in

deciding a controversy affecting a local company at home.  Thus, this court finds

Plaintiff's preference is outweighed by the countervailing interests favoring

transfer to the Middle District.

Thus, even though venue for Plaintiff's claims may be proper in the Eastern

District, a balancing of the private and public interests under § 1404(a) move this

court to exercise its discretion to transfer Plaintiff's claims to the Middle District.

### IV.  Conclusion

Under § 1391(a), venue may lay in the Eastern District for Plaintiff's claims.

However, considering the centrality of Lehighton, Pennsylvania to Plaintiff's suit,

the local interest in this matter, and Defendant's expressed preference, it is within

this court's discretion under § 1404(a) to transfer Plaintiff's claims to the Middle

District.


An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BROMILY, INC.**<br>        **Plaintiff,**<br><br>        v.<br><br>**STATE NATIONAL INSURANCE**<br>**COMPANY, INC.,**<br>        **Defendant.** | **CIVIL ACTION NO. 08-0340** |

## ORDER

**AND NOW,** this 8th day of January, 2008, upon consideration of

"Defendant State National Insurance Company, Inc.'s Motion to Transfer Venue"

(Document No. 3), and Plaintiff's response thereto (Document No. 7), it is hereby

**ORDERED** as follows:

      1.  Defendant's motion is **GRANTED**; and

      2.  This case is transferred to the United States Court for the Middle

District of Pennsylvania.

                **BY THE COURT:**

                **/s/ Marvin Katz**

                _____

                **MARVIN KATZ, S.J.**